David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for the Plaintiff
Giuseppe Cirincione

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Giuseppe Cirincione, | Case No.: |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| KeyBank, N.A. | |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued

functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Giuseppe Cirincione, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of KeyBank, N.A. ("Defendant"), with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

8. Because Defendant is registered as a Limited Liability Company with the Arizona Secretary of State and does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 as the events that give rise to this action occurred within Phoenix, Arizona.

## PARTIES

10. Plaintiff is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona.

11. Defendant is a bank that does business in the City of Phoenix, County of Maricopa, State of Arizona.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

## STATUTORY BACKGROUND

15. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

16. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

17. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

18. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

19. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

20. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. See 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

22. At all times relevant, Defendant conducted business within the State of Arizona.

23. On or about February 2, 2010, Plaintiff filed for a Chapter 13 Bankruptcy in the U.S. States Bankruptcy Court, District of Arizona, case number 2:10-bk-02678-JMM in order to obtain a fresh start and rebuild her credit.

24. In Plaintiff's bankruptcy filing, Defendant was included as a creditor and was served notice of Plaintiff's filing bankruptcy as well as Plaintiff's subsequent discharge.

25. Plaintiff's bankruptcy discharge occurred on May 13, 2015.

26. On or about June 6, 2015, Defendant made an account inquiry accessing Plaintiff's Equifax credit report.

27. Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant since the date of his filing for bankruptcy.

28. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

29. Since any alleged debt owed to Defendant was discharged in bankruptcy, Defendant did not have a permissible purpose to access Plaintiff's consumer report information.

30. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

31. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

32. As a result of Defendant's illegal actions, Plaintiff is informed and believes that his credit scores were lowered.

33. Since Defendant accessed Plaintiff's credit reports without a permissible purpose, Plaintiff's privacy was invaded because Defendant viewed Plaintiff's private financial information.

34. Since Defendant had notice of Plaintiff's bankruptcy and was aware the debt was no longer owed, Defendant's actions were willful.

## CAUSES OF ACTION

### COUNT I

### FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

37. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

38. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I
### FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. §§ 1681 ET SEQ.

39. An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

40. An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

41. An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

42. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

**TRIAL BY JURY**

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: October 16, 2015              **Kazerouni Law Group**

By: */s/ Ryan L. McBride*
Ryan L. McBride, Esq.
Attorney for the Plaintiff